■ Jordy Lopez-Calderone, an Infant, by His Parent and Natural Guardian, Elvis Lopez, et al., Plaintiffs, v Alice C.

LANG-VISCOGLIOSI, Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Respondent. TOWN OF HEMPSTEAD, Third-Party Defendant; VILLAGE OF HEMPSTEAD, Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendant. [7 NYS3d 506]—

In an action to recover damages for personal injuries, etc., the Village of Hempstead appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered November 30, 2012, as denied that branch of its motion which was for summary judgment dismissing the second third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 1, 2011, the infant plaintiff allegedly was injured when he slipped and fell on snow and ice on a sidewalk fronting property belonging to Alice C. Lang-Viscogliosi (hereinafter the defendant) in the Village of Hempstead. The infant plaintiff, by his father, and his father suing derivatively, commenced this action against the defendant to recover damages for personal injuries. Thereafter, the defendant commenced a third-party action against the Town of Hempstead, and a second third-party action against the County of Nassau and the Village of Hempstead, seeking contribution and indemnification. The Village moved, inter alia, for summary judgment dismissing the second third-party complaint insofar as asserted against it, contending that it had not received prior written notice of the alleged dangerous condition, as required by the Code of the Village of Hempstead (see Code of Village of Hempstead § 116-1 [D]). As relevant to this appeal, the Supreme Court denied that branch of the motion. We affirm the order insofar as appealed from.

Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a defect or a dangerous condition which comes within the ambit of the law unless it has received written notice of the alleged defect or dangerous condition prior to the occurrence of the subject accident, or an exception to the written notice requirement applies (see *Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934

[2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

Here, the Village established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the snow and ice upon which the infant plaintiff slipped and fell, as required by section 116-1 (D) of the Code of the Village of Hempstead. However, the defendant raised a triable issue of fact as to whether the snow and ice condition upon which the infant plaintiff slipped was created by the Village's snow removal efforts (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 118 [2010]; *Smith v County of Orange*, 51 AD3d 1006 [2008]).

Contrary to the Village's contention, the fact that the ice and snow condition in the area of the accident was open and obvious does not preclude a finding of liability as against the defendant, but, rather, presents a triable issue of fact regarding the comparative fault of the infant plaintiff, the defendant, and the Village (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]; *see also Luksch v Blum-Rohl Fishing Corp.*, 3 AD3d 475 [2004]; *Kraeling v Leading Edge Elec.*, 2 AD3d 789 [2003]; *Grgich v City of New York*, 2 AD3d 680 [2003]; *Moloney v Wal-Mart Stores*, 2 AD3d 508 [2003]; *Massucci v Amoco Oil Co.*, 292 AD2d 351 [2002]). Furthermore, although the infant plaintiff testified at his deposition that he had problems with his balance, and usually wore inner soles in his shoes to help him maintain his balance, the Village failed to establish, prima facie, that the infant plaintiff's failure to wear inner soles in his shoes was the sole proximate cause of the accident.

Accordingly, the Supreme Court properly denied that branch of the Village's motion which was for summary judgment dismissing the second third-party complaint insofar as asserted against it. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.