■ Heather Fox Lima, Appellant, et al., Plaintiff, v Village of Garden City, Respondent, et al., Defendant. (And a Third-Party Action.) [16 NYS3d 249]—

In an action to recover damages for personal injuries, etc., the plaintiff Heather Fox Lima appeals from an order of the Supreme Court, Nassau County (Reilly, J.), entered September 18, 2013, which granted the motion of the defendant Village of Garden City for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the Village of Garden City for summary judgment dismissing the complaint insofar as asserted against it. The Village established, prima facie, that it did not receive prior written notice of the icy condition which allegedly caused the injured plaintiff's accident, as required by section 132-2 of the Code of

the Village of Garden City (*see Maya v Town of Hempstead,* 127 AD3d 1146 [2015]; *Lopez-Calderone v Lang-Viscogliosi,* 127 AD3d 1143 [2015]; *Agard v City of White Plains,* 127 AD3d 894 [2015]). In opposition to that showing, the plaintiffs failed to raise a triable issue of fact as to whether prior written notice had been given to the Village.

The only two recognized exceptions to a prior written notice requirement are a municipality's affirmative creation of a defect, or where the defect is created by the municipality's special use of the property (*see Gonzalez v Town of Hempstead,* 124 AD3d 719 [2015]; *Zielinski v City of Mount Vernon,* 115 AD3d 946 [2014]). The prima facie showing that the Village was obligated to make on its motion for summary judgment was governed by the allegations of liability made by the plaintiffs in the pleadings and bill of particulars (*see Steins v Incorporated Vil. of Garden City,* 127 AD3d 957, 958 [2015]; *Foster v Herbert Slepoy Corp.,* 76 AD3d 210, 214 [2010]). There is no allegation here that the Village made a special use of the parking lot where the accident occurred. However, since the plaintiffs alleged that the Village affirmatively created the allegedly dangerous icy condition, the Village, in addition to establishing that it did not receive prior written notice, was also required, on its motion for summary judgment, to make a prima facie showing that it did not create the condition complained of (*see Steins v Incorporated Vil. of Garden City,* 127 AD3d at 958). The Village established, prima facie, that it did not create a dangerous condition through an affirmative act of negligence (*see Keating v Town of Oyster Bay,* 111 AD3d 604 [2013]). In opposition to this showing, the plaintiffs failed to raise a triable issue of fact as to whether the Village created the allegedly dangerous condition through its affirmative negligent acts (*see Ali v Village of Pleasantville,* 95 AD3d 796, 797 [2012]). Even assuming the truth of the injured plaintiff's deposition testimony that there were piles of snow in the parking lot, the Village's failure to remove all snow and ice from the parking lot was passive in nature, and did not constitute an affirmative act of negligence which would bring this case within an exception to the prior written notice requirement (*see Masotto v Village of Lindenhurst,* 100 AD3d 718 [2012]; *DiPaolo v Village of Tuckahoe,* 253 AD2d 841 [1998]; *Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920 [1994]). The plaintiffs' theory that a snow pile created by the Village's snow plowing efforts in the days before the accident had melted, and that the melted water refroze, was speculative and insufficient to raise a triable issue of fact (*see Smith v Hariri Realty Assoc., Inc.,* 109 AD3d 897 [2013]; *David v Chong Sun Lee,* 106 AD3d

1044 [2013]; *Lichtman v Village of Kiryas Joel*, 90 AD3d 1001 [2011]). Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.