■ JILL McMANUS, Appellant, v JONATHAN KLEIN et al., Defendants, and VILLAGE OF ROCKVILLE CENTRE, Respondent. [24 NYS3d 205]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered December 16, 2014, as granted that branch of the motion of the defendant Village of Rockville Centre which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Village of Rockville Centre which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly tripped over a portion of a sidewalk that was more than one inch higher than the rest of the sidewalk. She alleged in her bill of particulars that the Village of Rockville Centre installed the sidewalk and created the defect. The Village moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not receive any prior written notice of the defect pursuant to Code of Village of Rockville Centre § 66-1. In its papers in support of its motion, the Village did not comment on the plaintiff's allegation that it created the defect (*cf. Groninger v Village of Mamaroneck*, 17 NY3d 125 [2011]; *Yarborough v City of New York*, 10 NY3d 726 [2008]).

"A municipality that has adopted a 'prior written notice law' cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (*Sola v Village of Great Neck Plaza*, 115 AD3d 661, 662 [2014], quoting *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]). "The only two recognized exceptions to the prior written notice requirement are where the municipality

created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it" (*Levy v City of New York*, 94 AD3d 1060, 1060 [2012]; *see Yarborough v City of New York*, 10 NY3d at 728; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Lahens v Town of Hempstead*, 132 AD3d 954 [2015]).

"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). The bill of particulars alleged that the Village affirmatively created the dangerous condition which caused the accident. Therefore, in order to establish its prima facie entitlement to judgment as a matter of law, the Village had to demonstrate, prima facie, both that it did not have prior written notice of the defect, and that it did not create the defect (*see Lima v Village of Garden City*, 131 AD3d 947, 948 [2015]; *Maya v Town of Hempstead*, 127 AD3d 1146 [2015]; *Steins v Incorporated Vil. of Garden City*, 127 AD3d 957 [2015]; *Perez v City of New York*, 116 AD3d 1019 [2014]; *Wald v City of New York*, 115 AD3d 939, 940-941 [2014]). The Village established, prima facie, that it did not have prior written notice of the defect, but it failed to establish, prima facie, that it did not affirmatively create the alleged defect (*see Carlucci v Village of Scarsdale*, 104 AD3d 797 [2013]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). Therefore, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact.

Accordingly, the Supreme Court should have denied the Village's motion for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.