ERNEST LARENAS, Appellant, v INCORPORATED VILLAGE OF GARDEN CITY, Respondent. [39 NYS3d 204]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered June 12, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant moved for summary judgment dismissing the complaint on the grounds that it did not receive prior written notice of the icy condition that allegedly caused the plaintiff to fall and did not create the condition through an affirmative act of negligence. The Supreme Court granted the motion, and we reverse.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries

caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Lopez-Calderone v Lang-Viscogliosi*, 127 AD3d 1143, 1144 [2015]; *Agard v City of White Plains*, 127 AD3d 894, 895 [2015]). " 'Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it' " (*Lopez-Calderone v Lang-Viscogliosi*, 127 AD3d at 1145, quoting *Miller v Village of E. Hampton*, 98 AD3d at 1008; *accord Palka v Village of Ossining*, 120 AD3d 641, 642 [2014]). "The prima facie showing that [a municipality is] obligated to make on its motion for summary judgment [is] governed by the allegations of liability made by the plaintiff[ ] in the pleadings and bill of particulars" (*Lima v Village of Garden City*, 131 AD3d 947, 948 [2015]). Here, the plaintiff alleged in the complaint and bill of particulars that the defendant created the icy condition by its affirmative negligent act of piling snow on both sides of the sidewalk, which snow then melted, pooled in a sunken area of the sidewalk, and then refroze to create the condition. Thus, to establish its prima facie entitlement to judgment as a matter of law, the defendant was required to establish, prima facie, both that it did not receive prior written notice of the condition and that it did not create the condition through an affirmative act of negligence (*see Lima v Village of Garden City*, 131 AD3d 947 [2015]).

Although the defendant established, prima facie, that it lacked prior written notice of the icy condition, it failed to establish, prima facie, that it did not create that condition through an affirmative act of negligence. While the mere failure to remove all snow or ice from a sidewalk is an act of omission, rather than an affirmative act of negligence (*see Rodriguez v County of Westchester*, 138 AD3d 713 [2016]; *Lima v Village of Garden City*, 131 AD3d at 948; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009]), a municipality's act in piling snow as part of its snow removal efforts, which snow pile then melts and refreezes to create a dangerous icy condition, constitutes an affirmative act excepting the dangerous condition from the prior written notice requirement (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]; *Smith v County of Orange*, 51 AD3d 1006 [2008]; *see also Viera v Rymdzionek*, 112 AD3d 915 [2013]). The defendant's evidence demonstrated that the temperature rose and remained above freezing for an extended period of time on the day before the plaintiff's ac-

cident, after the defendant created the snow piles. On the day of the plaintiff's accident, however, the temperature dropped to below freezing. While the defendant submitted an affidavit of an employee who stated that he applied sand and salt to the area of the sidewalk where the plaintiff fell sometime between 7:30 a.m. and 4:00 p.m. on the day of plaintiff's accident, the plaintiff testified at his hearing held pursuant to General Municipal Law § 50-h that there was no sand or salt on the sidewalk at the time of his fall. Evidence submitted by the defendant also indicates that the ice upon which the plaintiff fell was located on a portion of the sidewalk that sloped down from the snow piles. Given that the defendant's submissions failed to eliminate all triable issues of fact as to whether its snow removal efforts created the icy condition, the defendant's motion for summary judgment dismissing the complaint should have been denied (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]; *Smith v County of Orange*, 51 AD3d 1006 [2008]; *see also Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546, 547 [2006]; *cf. Ali v Village of Pleasantville*, 95 AD3d 796 [2012]), regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Leventhal, J.P., Dickerson, Maltese and Connolly, JJ., concur.