■ Rose Ann Piazza et al., Respondents, v Mary Volpe et al., Respondents, and County of Nassau, Appellant. [59 NYS3d 466]—

Appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 3, 2015. The order, insofar as appealed from, denied the motion of the County of Nassau for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs and the defendant Mary Volpe appearing separately and filing separate briefs.

On February 23, 2011, the plaintiff Rose Ann Piazza (hereinafter Piazza) was walking on the sidewalk on the eastbound side of Old Country Road about 100 feet east of Floral Avenue in Plainview, New York. Due to accumulated snow obstructing the sidewalk, she allegedly was forced to walk on the roadway and was then struck by a vehicle owned and operated by the defendant Mary Volpe.

Thereafter, Piazza, and her husband suing derivatively, commenced this action against, among others, Volpe and the County of Nassau. In relevant part, the plaintiffs alleged that the County's negligent plowing of snow created or contributed to the obstruction of the sidewalk, which exposed Piazza to the danger of walking in the roadway. The County moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, contending that it did not

receive prior written notice of the dangerous condition that allegedly caused Piazza's accident, and did not create the dangerous condition through an affirmative act of negligence or, alternatively, that its alleged negligence was not a proximate cause of the accident.

" 'Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies' " (*Larenas v Incorporated Vil. of Garden City*, 143 AD3d 777, 777-778 [2016], quoting *Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). As relevant here, an exception to the prior written notice laws exists where the municipality creates the defective condition through an affirmative act of negligence (*see Lopez-Calderone v Lang-Viscogliosi*, 127 AD3d 1143, 1145 [2015]; *Miller v Village of E. Hampton*, 98 AD3d at 1008). " 'The prima facie showing that [a municipality is] obligated to make on its motion for summary judgment [is] governed by the allegations of liability made by the plaintiff[ ] in the pleadings and bill of particulars' " (*Larenas v Incorporated Vil. of Garden City*, 143 AD3d at 778, quoting *Lima v Village of Garden City*, 131 AD3d 947, 948 [2015]). Here, the plaintiffs alleged that the County affirmatively caused or contributed to the dangerous condition through its snow plowing operations on Old Country Road that caused snow to be deposited onto the sidewalk. Therefore, to demonstrate its entitlement to judgment as a matter of law, the County was required to establish, prima facie, that it did not receive prior written notice of the dangerous condition and that it did not create the alleged dangerous condition (*see Larenas v Incorporated Vil. of Garden City*, 143 AD3d at 778; *Lima v Village of Garden City*, 131 AD3d at 948). Although the County demonstrated, prima facie, that it did not receive prior written notice, the County's submissions failed to establish, prima facie, that its snow removal operations did not create or exacerbate a dangerous condition (*see Larenas v Incorporated Vil. of Garden City*, 143 AD3d at 778; *Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 667-668 [2007]; *Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 338 [2004]).

The County also failed to make a prima facie showing that its alleged negligence was not a proximate cause of the accident. "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed" (*Derdiarian v Felix Contr.*

*Corp.*, 51 NY2d 308, 315 [1980]). "An intervening act constitutes a superseding cause sufficient to relieve a defendant of liability if it is 'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct' " (*Fahey v A.O. Smith Corp.*, 77 AD3d 612, 616 [2010], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315). Where, however, "the intervening act is a natural and foreseeable consequence of a circumstance created by the defendant, the causal nexus is not severed and liability will subsist" (*Niewojt v Nikko Constr. Corp.*, 139 AD3d 1024, 1026 [2016]; *see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]). The issue of whether an act is foreseeable is generally for the trier of fact (*see Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 636 [1988]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315). Here, the County's alleged negligent snow plowing operations contributed to the obstruction of the sidewalk, which prevented Piazza from continuing to walk on the sidewalk, and caused her to walk in the roadway where she was hit by a vehicle driven by Volpe. Under these circumstances, there is a triable issue of fact as to whether Volpe's act in hitting Piazza with her vehicle was a natural and foreseeable consequence of the County's alleged negligence.

Since the County failed to satisfy its prima facie burden, its motion was properly denied regardless of the adequacy of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.