In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated December 1, 2015, which granted the defendant’s motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered March 28, 2016, which, upon the order, is in favor of the defendant and against him dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).
 

 Ordered that the appeal from the order is dismissed; and it is further,
 

 Ordered that the judgment is reversed, on the law, the defendant’s motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
 

 The plaintiff allegedly was injured when he tripped over a metal barricade on a walkway in a park in the Town of Huntington. The Town moved for summary judgment dismissing the complaint on the grounds that it did not have prior written notice of the allegedly dangerous positioning of the metal barricade, and that it did not create that allegedly dangerous condition through an affirmative act of negligence. The Supreme Court granted the Town’s motion, and the plaintiff appeals.
 

 “Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies” (Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 777-778 [2016] [internal quotation marks omitted]; see Miller v Village of E. Hampton, 98 AD3d 1007, 1008 [2012]). “Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it” (Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778 [internal quotation marks omitted]; see Lopez-Calderone v Lang-Viscogliosi, 127 AD3d 1143, 1145 [2015]). “The prima facie showing that [a municipality is] obligated to make on its motion for summary judgment [is] governed by the allegations of liability made by the plaintiff[ ] in the pleadings and bill of particulars” (Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778 [internal quotation marks omitted]; see Lima v Village of Garden City, 131 AD3d 947, 948 [2015]; Carlucci v Village of Scarsdale, 104 AD3d 797, 798-799 [2013]).
 

 Here, the plaintiff alleged in his bill of particulars that the Town negligently caused, permitted, and allowed the barricade to be placed in such a way that a part of the barricade extended out into the line of pedestrian traffic. Thus, to establish its prima facie entitlement to judgment as a matter of law, the Town was required to establish, prima facie, both that it did not receive prior written notice of the condition and that it did not create the condition through an affirmative act of negligence (see Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; Lima v Village of Garden City, 131 AD3d 947 [2015]; Carlucci v Village of Scarsdale, 104 AD3d at 798-799).
 

 Although the Town established, prima facie, that it did not have prior written notice of the allegedly negligent positioning of the barricade, it failed to establish, prima facie, that it did not create the allegedly dangerous condition through an affirmative act of negligence. Since the Town’s submissions failed to eliminate all triable issues of fact as to whether it was responsible for the allegedly negligent placement of the barricade, the motion for summary judgment should have been denied regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.