Seegers v Village of Mineola (2018 NY Slip Op 03387)





Seegers v Village of Mineola


2018 NY Slip Op 03387


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-03026
 (Index No. 604776/14)

[*1]Eva Seegers, et al., respondents, 
v
Village of Mineola, appellant.


Goldberg Segalla, LLP (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Christine Gasser], of counsel), for appellant.
McAndrew, Conboy & Prisco, LLP, Melville, NY (Mary C. Azzaretto of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered March 11, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Eva Seegers (hereinafter Seegers) allegedly was injured when she slipped and fell on ice in a parking lot owned, operated, and maintained by the defendant, Village of Mineola. After Seegers, and her husband suing derivatively, commenced this action, the Village moved for summary judgment dismissing the complaint on the grounds that it did not receive prior written notice of the ice condition on which Seegers allegedly fell, and it did not create the condition. The Supreme Court denied the motion. The Village appeals.
A municipality that has enacted a prior written notice provision "may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Palka v Village of Ossining, 120 AD3d 641, 641; see Poirier v City of Schenectady, 85 NY2d 310, 313; Piazza v Volpe, 153 AD3d 563, 564; Larenas v Incorporate Vil. of Garden City, 143 AD3d 777, 778; Braver v Village of Cedarhurst, 94 AD3d 933, 934). Two exceptions to the prior written notice requirement have been recognized, "namely, where the locality created the defect or hazard through an affirmative act of negligence and where a special use' confers a special benefit upon the locality" (Amabile v City of Buffalo, 93 NY2d 471, 474 [citation omitted]; see Loghry v Village of Scarsdale, 149 AD3d 714, 715; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; Braver v Village of Cedarhurst, 94 AD3d at 934).
" [T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Loghry v Village of Scarsdale, 149 AD3d at 715, quoting Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Piazza v Volpe, 153 AD3d at 564; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; McManus v Klein, 136 AD3d 700, 701; Steins v Incorporated Vil. of Garden City, 127 AD3d 957, [*2]958; Braver v Village of Cedarhurst, 94 AD3d at 934). In the complaint and bill of particulars, the plaintiffs alleged that the Village created the ice condition on which Seegers fell by plowing snow into large piles directly adjacent to parking areas and walkways, thereby blocking drains and allowing the snow to thaw and refreeze, and by failing to properly salt or sand the area (see generally San Marco v Village/Town of Mount Kisco, 16 NY3d 111). Accordingly, the Village was required to demonstrate both that it did not have prior written notice of the ice condition in the subject parking lot and that it did not create that condition (see Piazza v Volpe, 153 AD3d at 564; Loghry v Village of Scarsdale, 149 AD3d at 715; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; McManus v Klein, 136 AD3d at 701; Steins v Incorporated Vil. of Garden City, 127 AD3d at 958; Braver v Village of Cedarhurst, 94 AD3d at 934).
Although the Village demonstrated that it did not receive written notice of an ice condition in the subject parking lot prior to the accident, it failed to demonstrate, prima facie, that it did not create the ice condition that allegedly caused Seegers to fall (see Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; McManus v Klein, 136 AD3d at 701; Steins v Incorporated Vil. of Garden City, 127 AD3d at 958; Braver v Village of Cedarhurst, 94 AD3d at 934). The Village, therefore, failed to demonstrate its prima facie entitlement to judgment as a matter of law (see Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; McManus v Klein, 136 AD3d at 701; Steins v Incorporated Vil. of Garden City, 127 AD3d at 958; Braver v Village of Cedarhurst, 94 AD3d at 934).
Accordingly, the Supreme Court properly denied the Village's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court