Troia v City of New York (2018 NY Slip Op 04770)





Troia v City of New York


2018 NY Slip Op 04770


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2015-10326
 (Index No. 150267/11)

[*1]Marianne Troia, plaintiff-respondent, 
v
City of New York, et al., defendants third-party plaintiffs- respondents-appellants, New York School Construction Authority, defendant-appellant- respondent; TDX Construction Corporation, et al., third-party defendants-appellants-respondents, et al., third-party defendant.


Marshall, Dennehey, Warner, Coleman & Goggin, New York, NY (Richard Imbrogno, Thomas G. Vaughan, and Nadira Kirkland of counsel), for defendant-appellant-respondent and third-party defendants-appellants-respondents.
McManus Richter Adams & Apostolakos, PLLC, New York, NY (Christopher D. Skoczen of counsel), for defendants third-party plaintiffs-respondents-appellants.
The Barillari Law Firm, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York School Construction Authority and the third-party defendants TDX Construction Corporation and Kore Contracting Corp. appeal, and the defendants third-party plaintiffs, City of New York and New York City Department of Education, cross-appeal, from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated October 14, 2015. The order, insofar as appealed from, denied the cross motion of the defendant New York School Construction Authority and the third-party defendants TDX Construction Corporation and Kore Contracting Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant New York School Construction Authority and dismissing so much of the third-party complaint as sought contribution and common-law and contractual indemnification against the third-party defendants TDX Construction Corporation and Kore Contracting Corp., and, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability insofar as asserted against the [*2]defendant New York School Construction Authority. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants third-party plaintiffs, City of New York and New York City Department of Education, which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and on their cross claims and third-party causes of action for common-law and contractual indemnification against the defendant New York School Construction Authority and the third-party defendants TDX Construction Corporation and Kore Contracting Corp., and, upon searching the record, awarded summary judgment to the plaintiff on the issue of the liability insofar as asserted against the defendants third-party plaintiffs, City of New York and New York City Department of Education.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the cross motion of the defendant New York School Construction Authority and the third-party defendants TDX Construction Corporation and Kore Contracting Corp. which were for summary judgment dismissing the complaint and the cross claims for contribution and common-law and contractual indemnification insofar as asserted against the defendant New York School Construction Authority and so much of the third-party complaint as sought contribution and common-law and contractual indemnification against the third-party defendants TDX Construction Corporation and Kore Contracting Corp., and substituting therefor provisions granting those branches of the cross motion, and (2) by deleting the provision thereof which, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability against the defendants; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant New York School Construction Authority and the third-party defendants TDX Construction Corporation and Kore Contracting Corp. payable by the plaintiff-respondent and the defendants third-party plaintiffs, City of New York and New York City Department of Education, appearing separately and filing separate briefs.
The plaintiff allegedly was injured when she slipped and fell as a result of debris and a slippery substance on the street in front of a public school in Staten Island. The substance on the street allegedly leaked from four dumpsters that had been placed on the sidewalk during a construction project on school grounds. According to the plaintiff's deposition testimony, she was forced to walk around the dumpsters, which blocked her path on the sidewalk, and directly into the alleged dangerous condition.
The plaintiff commenced this action against the defendants City of New York, New York City Department of Education (hereinafter the NYCDOE), and New York School Construction Authority (hereinafter the SCA) (hereinafter collectively the defendants). The City and the NYCDOE (hereinafter together the City defendants) cross-claimed against the SCA for contribution and common-law and contractual indemnification. Thereafter, the City defendants commenced a third-party action against, among others, TDX Construction Corporation (hereinafter TDX) and Kore Contracting Corp. (hereinafter Kore) for common-law and contractual indemnification, contribution, and to recover damages for breach of contract for failure to procure insurance.
Upon the completion of discovery, the City defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for summary judgment on their cross claims and third-party causes of action for common-law and contractual indemnification against the SCA, TDX, and Kore (hereinafter collectively the construction defendants). The construction defendants cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against the SCA and dismissing so much of the third-party complaint as sought contribution and common-law and contractual indemnification [*3]against TDX and Kore. The plaintiff opposed the motion and the cross motion, and argued that the defendants were strictly liable for the accident because the placement of the dumpsters on the sidewalk constituted an absolute nuisance. The plaintiff argued that, upon a search of the record, summary judgment on the issue of liability should be awarded in her favor.
The Supreme Court denied the City defendants' motion, denied the construction defendants' cross motion, and, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability. The construction defendants appeal, and the City defendants cross- appeal.
The plaintiff alleged, for the first time in opposition to the motion and cross motion for summary judgment, that the defendants were strictly liable under an absolute nuisance theory. However, a plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting, for the first time in opposition to the motion, a new theory of liability that was not pleaded in the complaint or bill of particulars (see Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 946; Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796; Dolan v Halpern, 73 AD3d 1117, 1119; Golubov v Wolfson, 22 AD3d 635, 636). Accordingly, the Supreme Court should not have searched the record and awarded summary judgment to the plaintiff on an absolute nuisance theory of liability raised for the first time in opposition papers to the City defendants' motion and the construction defendants' cross motion.
The Supreme Court should have granted those branches of the construction defendants' cross motion which were for summary judgment dismissing the complaint and the cross claims for contribution and common-law and contractual indemnification insofar as asserted against the SCA and dismissing so much of the third-party complaint as sought contribution and common-law and contractual indemnification against TDX and Kore. The construction defendants established, prima facie, that they were free from fault in the happening of the accident, since their only link to the alleged dangerous condition related to the initial placement of the dumpsters onto the sidewalk at the direction of an NYCDOE employee (see Gerdowsky v Crain's N.Y. Bus., 188 AD2d 93), and that they did not breach any duty of care owed to the City defendants (see Raquet v Braun, 90 NY2d 177, 183). Moreover, the construction defendants established their prima facie entitlement to summary judgment dismissing the City defendants' cross claim and third-party cause of action for contractual indemnification based upon a construction agreement in which TDX agreed to indemnify, inter alia, the City defendants for claims arising out of the performance of its work. Since the construction defendants established that they were free from fault, and since any liability on the part of the City defendants could only be based upon their own negligence, enforcement of the contractual indemnification clause would violate General Obligations Law § 5-322.1 (see Dreyfus v MPCC Corp., 124 AD3d 830, 831; see also Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 789-790). In opposition, neither the City defendants nor the plaintiff raised a triable issue of fact. For the same reasons, we also agree with the court's determination to deny those branches of the City defendants' motion which were for summary judgment on their cross claims and third-party causes of action for contribution and common-law and contractual indemnification against the construction defendants.
We agree with the Supreme Court's determination to deny that branch of the City defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, as they "failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that they had no prior written notice as they failed to [*4]submit proof of such lack of notice from the proper municipal official" (Pangerl v Town of N. Hempstead, 76 AD3d 1001, 1002; see Administrative Code of City of NY § 7-201[c]), or that they did not create the alleged dangerous condition through an affirmative act of negligence (see Toscano v Town of Huntington, 156 AD3d 837, 838-839; Piazza v Volpe, 153 AD3d 563, 564). The evidence submitted by the City defendants for the first time in their reply papers cannot be considered for the purpose of determining whether they met their prima facie burden (see Arriola v City of New York, 128 AD3d 747; 6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC, 114 AD3d 661; Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524). Since the City defendants failed to meet their initial burden, the burden did not shift to the plaintiff to raise a triable issue of fact as to either prior written notice or a recognized exception to that requirement (see Pangerl v Town of N. Hempstead, 76 AD3d at 1002).
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court