Manzella v County of Suffolk (2018 NY Slip Op 05296)





Manzella v County of Suffolk


2018 NY Slip Op 05296


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-04153
 (Index No. 4042/12)

[*1]Shannon Manzella, respondent-appellant, 
v
County of Suffolk, appellant-respondent, Karen Chouinard, respondent, et al., defendant.


Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys of counsel), for appellant-respondent.
Morici & Morici LLP, Garden City, NY (Paul R. Pepper of counsel), for respondent-appellant.
Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant County of Suffolk appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated February 4, 2016. The order, insofar as appealed from, denied the motion of the defendant County of Suffolk for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The order, insofar as cross-appealed from, granted the motion of the defendant Karen Chouinard for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the defendant Karen Chouinard by the plaintiff and the defendant County of Suffolk.
The plaintiff testified at her deposition that on February 11, 2011, she stopped her vehicle at a stop sign located on Elizabeth Avenue where it intersects with Terry Road in Smithtown. According to the plaintiff, due to a large, accumulated pile of snow located at the corner of the intersection, which obstructed her view of vehicles approaching the intersection on Terry Road, she drove into the intersection without seeing an oncoming vehicle operated by the defendant Karen Chouinard on Terry Road. The plaintiff's vehicle was then struck by Chouinard's vehicle.
The plaintiff commenced this action against, among others, Chouinard and the County of Suffolk. In relevant part, the plaintiff alleged that Chouinard's operation of her vehicle was negligent and in violation of various provisions of the Vehicle and Traffic Law, and that the County's negligent plowing of snow created or contributed to the obstruction of visibility at the intersection, which exposed the plaintiff to the danger of being struck by another vehicle. Chouinard moved for summary judgment dismissing the complaint insofar as asserted against her, contending that she was not negligent under the emergency doctrine, and that it was the plaintiff's negligence that caused the accident. The County moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not receive prior written notice of the alleged dangerous condition that caused the accident, and that the plaintiff's actions were the sole proximate cause of the accident. The Supreme Court granted Chouinard's motion and denied the County's motion. The County appeals, and the plaintiff cross-appeals.
By submitting evidence that she was confronted with an emergency condition, Chouinard established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her (see Flores v Metropolitan Transp. Auth., Long Is. Bus, 122 AD3d 672; Exime v Williams, 45 AD3d 633, 634; Cheung v Dominican Convent of Our Lady of Rosary, 22 AD3d 450, 451). In opposition, the plaintiff's contention that Chouinard's vehicle was traveling at an excessive rate of speed as it entered the intersection was speculative, as the plaintiff testified at her deposition that she never saw the defendant's vehicle prior to the collision. The affidavit of the plaintiff's expert to this effect was also speculative, conclusory, and insufficient to raise a triable issue of fact (see Youthkins v Cascio, 298 AD2d 386, 387, affd 99 NY2d 638; see also Exime v Williams, 45 AD3d at 634; McCain v Larosa, 41 AD3d 792, 793).
Where " a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street . . . unless it has received written notice of the defect, or an exception to the written notice requirement applies'" (Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778, quoting Miller v Village of E. Hampton, 98 AD3d 1007, 1008). As relevant here, an exception to the prior written notice laws exists where the municipality creates the defective condition through an affirmative act of negligence (see Lopez-Calderone v Lang-Viscogliosi, 127 AD3d 1143, 1145). Here, the plaintiff alleged that the County affirmatively caused or contributed to the dangerous condition through its snow plowing operations, which caused snow to be piled unreasonably high at the intersection. Therefore, to establish its prima facie entitlement to judgment as a matter of law, the County was required to demonstrate, prima facie, that it did not receive prior written notice of the alleged dangerous condition and that it did not create the alleged dangerous condition (see Piazza v Volpe, 153 AD3d 563, 564; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; see also Bornt v Town of Pittstown, 248 AD2d 854, 855). Although the County demonstrated, prima facie, that it did not receive prior written notice, the County's submissions failed to demonstrate, prima facie, that its snow removal operations did not create a dangerous condition (see Piazza v Volpe, 153 AD3d at 564; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778).
The County also failed to make a prima facie showing that its alleged negligence was not a proximate cause of the accident. Where an "intervening act is a natural and foreseeable consequence of a circumstance created by the defendant, the causal nexus is not severed and liability will subsist" (Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1026). The issue of whether an act is foreseeable is generally for the trier of fact (see Lynch v Bay Ridge Obstetrical & Gynecological Assoc., 72 NY2d 632, 636; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Here, the County's [*2]allegedly negligent snow plowing operations allegedly created an unreasonably large snowbank that impeded the plaintiff's view of approaching vehicles, ultimately resulting in the collision between Chouinard's vehicle and the plaintiff's vehicle. Under these circumstances, there is a triable issue of fact as to whether the collision was a natural and foreseeable consequence of the County's alleged negligence.
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant Chouinard's motion for summary judgment dismissing the complaint insofar as asserted against her, and to deny the County's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court