Eisenberg v Town of Clarkstown (2019 NY Slip Op 03319)





Eisenberg v Town of Clarkstown


2019 NY Slip Op 03319


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-04529
 (Index No. 33460/16)

[*1]Avraham Eisenberg, appellant,
v
Town of Clarkstown, respondent.


The Post Law Firm, PLLC, Suffern, NY (Craig A. Post of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Eliza M. Scheibel and John M. Flannery of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated March 19, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On January 27, 2016, at approximately 11:30 p.m., the plaintiff allegedly slipped and fell on ice on the paved entrance to an outdoor parking lot owned by the defendant, Town of Clarkstown. Snow fell on January 23 and 24, 2016, and there was snow covering the sidewalk abutting the paved roadway where the accident occurred. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A municipality that has enacted a prior written notice provision "may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Palka v Village of Ossining, 120 AD3d 641, 641; see Poirier v City of Schenectady, 85 NY2d 310, 313; Seegers v Village of Mineola, 161 AD3d 910; Piazza v Volpe, 153 AD3d 563, 564; Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778). Two exceptions to the prior written notice requirement have been recognized, "namely, where the locality created the defect or hazard through an affirmative act of negligence and where a special use' confers a special benefit upon the locality" (Amabile v City of Buffalo, 93 NY2d 471, 474 [citation omitted]; see Loghry v Village of Scarsdale, 149 AD3d 714, 715; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778; Lopez-Calderone v Lang-Viscogliosi, 127 AD3d 1143, 1145).
" [T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Loghry v Village of Scarsdale, 149 AD3d at 715, quoting Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Seegers v Village of Mineola, 161 AD3d at 911). Here, since the plaintiff alleged that the defendant affirmatively created the allegedly dangerous ice condition through its snow removal operations, the defendant, in addition to establishing that it did not receive prior written notice, was also required, on its motion for summary judgment, to make a prima facie showing that it did not create the condition complained of (see Seegers v Village of Mineola, 161 AD3d at 911; Piazza v Volpe, 153 AD3d at 564; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778).
Although the defendant established, prima facie, that it lacked prior written notice of the ice condition, it failed to establish, prima facie, that it did not create the ice condition through an affirmative act of negligence (see Seegers v Village of Mineola, 161 AD3d at 911; Piazza v Volpe, 153 AD3d at 564; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778). A municipality's act in piling snow as part of its snow removal efforts, which snow pile then melts and refreezes to create a dangerous ice condition, constitutes an affirmative act excepting the dangerous condition from the prior written notice requirement (see San Marco v Village/Town of Mount Kisco, 16 NY3d 111; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778). The defendant's evidence provided information about its general snow removal operations, but failed to show what the sidewalk abutting the accident site looked like immediately after it completed its snow removal operations. The defendant failed to establish, prima facie, that the 6 to 12 inches of snow that the plaintiff observed on the sidewalk, making it impassable, was not the product of its snow removal operations. The defendant also failed to submit any evidence as to what the temperature was from the time that it last performed its snow removal operations on January 24, 2016, and the time of the accident. Given that the defendant's submissions failed to eliminate all triable issues of fact as to whether its snow removal efforts created the ice condition, the defendant's motion for summary judgment dismissing the complaint should have been denied (see San Marco v Village/Town of Mount Kisco, 16 NY3d 111; Seegers v Village of Mineola, 161 AD3d at 911; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 779; Smith v County of Orange, 51 AD3d 1006, 1006).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court