Kabia v Town of Yorktown (2019 NY Slip Op 06595)





Kabia v Town of Yorktown


2019 NY Slip Op 06595


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-13406
 (Index No. 64275/15)

[*1]Rouguiatou Cathy Kabia, appellant,
v
Town of Yorktown, et al., respondents.


Della Mura & Ciacci, LLP (Joshua Annenberg, New York, NY, of counsel), for appellant.
Lori D. Fishman, Tarrytown, NY (George R. Dieter of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated October 25, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On March 12, 2015, between 7:30 and 8:00 a.m., the plaintiff was walking at the Jack DeVito Veterans Memorial Field and Track in the Town of Yorktown when she slipped and fell on ice. There was a pile of snow in the grassy area adjacent to the part of the asphalt track where the accident occurred.
In her notice of claim, the plaintiff alleged, inter alia, that the defendant "caus[ed] and creat[ed] the hazardous condition." The same allegation was repeated in the complaint, as well as in the plaintiff's verified bill of particulars. More specifically, the bill of particulars alleged, in relevant part, that the defendants were negligent "in allowing and permitting ice and/or water which turned into ice to flow onto the concrete track/walkway at the site of plaintiff's accident."
Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint on the ground that they did not have prior written notice of the alleged ice condition. The plaintiff opposed the motion, contending, inter alia, that the defendants failed to address—and thus failed to establish, prima facie—that they did not affirmatively create the ice condition. The Supreme Court granted the motion. The plaintiff appeals.
"A municipality that has enacted a prior written notice provision may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Seegers v Village of Mineola, 161 AD3d 910, 910 [internal quotation marks omitted]; see Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778). Insofar as relevant to this appeal, "an exception to the prior written notice laws exists where the municipality creates the defective condition through an affirmative act of [*2]negligence" (Manzella v County of Suffolk, 163 AD3d 796, 798; see generally San Marco v Village/Town of Mount Kisco, 16 NY3d 111).
"The prima facie showing that [a municipality is] obligated to make on its motion for summary judgment [is] governed by the allegations of liability made by the plaintiff[ ] in the pleadings and bill of particulars" (Lima v Village of Garden City, 131 AD3d 947, 948; see Seegers v Village of Mineola, 161 AD3d at 911).
Here, based on the allegations contained in the plaintiff's notice of claim, complaint, and bill of particulars, the defendants were required to demonstrate, prima facie, that they did not receive prior written notice of the condition and that they did not create the condition through an affirmative act of negligence (see Manzella v County of Suffolk, 163 AD3d at 798; Seegers v Village of Mineola, 161 AD3d at 911; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778). However, in moving for summary judgment, the defendants established only that they did not have prior written notice of the ice condition, and made no attempt to refute the plaintiff's allegations that the defendants had affirmatively created the alleged ice condition.
Accordingly, the defendants failed to meet their prima facie entitlement to judgment as a matter of law, and the Supreme Court should have denied their motion for summary judgment dismissing the complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court