Murphy v Brown (2019 NY Slip Op 08851)





Murphy v Brown


2019 NY Slip Op 08851


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-13687
 (Index No. 604235/15)

[*1]Sharon Murphy, respondent, 
v
Gary Brown, et al., defendants, Town of Brookhaven, appellant.


Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for appellant.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated October 18, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendant Town of Brookhaven which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Town of Brookhaven which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly was injured when she fell on a sidewalk in the Town of Brookhaven. She subsequently commenced this personal injury action against, among others, the Town. The Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated October 18, 2018, the Supreme Court denied that branch of the Town's motion. The Town appeals.
Where a municipality has enacted a prior written notice law, it cannot be held liable for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received such notice (see Amabile v City of Buffalo, 93 NY2d 471, 474). However, the courts have recognized an exception to the prior written notice requirement in circumstances where "the municipality affirmatively created the defect through an act of negligence" (Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128). This exception is limited to work performed by the municipality that immediately resulted in the existence of a dangerous condition (see Yarborough v City of New York, 10 NY3d at 728).
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). In the present case, the plaintiff alleged in her pleadings that the Town created the alleged dangerous condition by virtue of improper repairs and resurfacing. Thus, to establish its prima facie entitlement to judgment as a matter of law, the Town [*2]was required to demonstrate, prima facie, both that it did not have prior written notice of the alleged defect, and that it did not so create the alleged defect (see Gutierrez-Contreras v Village of Port Chester, 172 AD3d 1333, 1334; Trela v City of Long Beach, 157 AD3d 747, 750; McManus v Klein, 136 AD3d 700, 701; Lima v Village of Garden City, 131 AD3d 947, 948). The Town demonstrated that it did not have prior written notice of the defect. It also demonstrated, through deposition testimony, that, not having received any complaints regarding the subject area, it had not performed any repairs or maintenance at that location for five years before the plaintiff's accident. Thus, the Town demonstrated, prima facie, that it did not affirmatively create the allegedly dangerous condition through improper repairs or resurfacing (see Gutierrez-Contreras v Village of Port Chester, 172 AD3d at 1334-1335). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court