Levy v Incorporated Vil. of E. Hampton (2021 NY Slip Op 02146)





Levy v Incorporated Vil. of E. Hampton


2021 NY Slip Op 02146


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10439
 (Index No. 5355/16)

[*1]Mona Levy, et al., respondents,
v
Incorporated Village of East Hampton, appellant, et al, defendants.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for appellant.
Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Incorporated Village of East Hampton appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated July 16, 2019. The order denied the motion of the defendant Incorporated Village of East Hampton for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On February 28, 2015, between 3:00 p.m. and 4:00 p.m., the plaintiff Mona Levy allegedly slipped and fell on snow, ice, and slush on a sidewalk located within the defendant Incorporated Village of East Hampton. The Village was responsible for removing snow and ice from the subject sidewalk. The plaintiff, and her husband suing derivatively, commenced this action against the Village and others. The Supreme Court denied the Village's motion for summary judgment dismissing the complaint insofar as asserted against it. The Village appeals.
"A municipality that has enacted a prior written notice provision may not be subjected to liability for injuries caused by a [defective or] dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Seegers v Village of Mineola, 161 AD3d 910, 910 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474). Insofar as relevant to this appeal, "an exception to the prior written notice laws exists where the municipality creates the defective condition through an affirmative act of negligence" (Piazza v Volpe, 153 AD3d 563, 564; see Miller v Village of E. Hampton, 98 AD3d 1007, 1008). "'The prima facie showing that [a municipality is] obligated to make on its motion for summary judgment [is] governed by the allegations of liability made by the plaintiff[] in the pleadings and bills of particulars'" (Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778, quoting Lima v Village of Garden City, 131 AD3d 947, 948; see Brower v County of Suffolk, 185 AD3d 774, 775). However, where the moving defendant is an entity against whom an action may not be commenced absent the filing of a notice of claim, "a [plaintiff] may not add a new theory of liability which was not included in the notice of claim" (Semprini v Village of Southampton, 48 AD3d 543, 544; see Rojas v Hazzard, 171 AD3d 820, 821).
Contrary to the Village's contention, the plaintiffs' bill of particulars did not assert a new theory of liability which was not included in the notice of claim (cf. Burton v Village of Greenport, 162 AD3d 968; Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959; Semprini v Village of Southampton, 48 AD3d at 544), and to establish its entitlement to judgment as a matter of law, the Village had to demonstrate, prima facie, that it did not have prior written notice of the alleged hazardous condition that allegedly caused Levy's fall and that it did not create the alleged hazardous condition (see Kabia v Town of Yorktown, 175 AD3d 1395, 1396; Lima v Village of Garden City, 131 AD3d at 948). The Village demonstrated, prima facie, that it did not have prior written notice of the alleged hazardous condition (see Miller v Village of E. Hampton, 98 AD3d at 1008). However, the Village failed to address the plaintiffs' allegation that it affirmatively created the alleged hazardous condition. Hence, the Village failed to meet its initial burden as the movant (see Kabia v Town of Yorktown, 175 AD3d at 1396).
Accordingly, the Supreme Court properly denied the Village's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court