■ JOSEPH RYAN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [923 NYS2d 153]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from a judgment of the Supreme Court, Queens County (Flug, J.), entered February 9, 2010, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against it in the principal sum of $447,640.45.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law is granted, and the complaint is dismissed insofar as asserted against the defendant City of New York.

The plaintiff commenced this action against, among others, the City of New York to recover damages for injuries he allegedly sustained when his motorcycle came into contact with defects in the roadway, causing him to fall. After the jury rendered a verdict in favor of the plaintiff, the City moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law. The Supreme Court denied the motion, and entered judgment in favor of the plaintiff and against the City. We reverse.

"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could pos-

sibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'' (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, the trial court should have granted the City's motion pursuant to CPLR 4404 (a), since the plaintiff failed to submit evidence sufficient to establish, prima facie, that the City had prior written notice of the alleged defective condition that purportedly caused the accident or that there was written acknowledgment by the City of the defective condition (*see* Administrative Code of City of NY § 7-201 [c]; *Bruni v City of New York*, 2 NY3d 319 [2004]; *Fraser v City of New York*, 226 AD2d 424 [1996]). Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.