■ Darneese Luma, Appellant, v Elrac Incorporated, Defendant, and Justin J. Cupid, Respondent. [926 NYS2d 910]—

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant Justin J. Cupid which was, in effect, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against him is denied, and the jury verdict is reinstated.

" 'A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party' " (*Ryan v City of New York*, 84 AD3d 926, 926-927 [2011], quoting *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]). Applying these principles here, the evidence presented at trial provided a rational basis upon which the jury could have found that both the plaintiff and the defendant Justin J. Cupid were negligent in the operation of their respective vehicles and proximately caused the accident (*see generally Szczerbiak v Pilat*, 90 NY2d 553 [1997]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]).

Moreover, upon our review of the record, we find that the verdict was based upon a fair interpretation of the evidence presented to the jury and, thus, was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.