◼ Rella Wald et al., Appellants, v City of New York, Respondent. [982 NYS2d 534]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated August 14, 2012, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 25, 2009, the injured plaintiff tripped when she stepped into a hole in a roadway in Queens while attempting to cross the street. The injured plaintiff and her husband served a notice of claim upon the defendant, City of New York. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against the City to recover damages for her personal injuries, alleging that the City was negligent in, inter alia, creating the subject defect. They alleged in their verified bill of particulars that the subject condition was "an extended section of defective and dangerous roadway which was broken, depressed, uneven and constituted a trap and hazard."

The City moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved to amend their notice of claim and complaint to allege compliance with the prior written notice requirement of section 7-201 (c) of the Administrative Code of the City of New York. As relevant to this appeal, the Supreme Court granted the City's motion for summary judgment dismissing the complaint.

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous roadway condition unless it has received prior written notice of the dangerous condition, or an exception to the prior written notice requirement applies" (*Phillips v City of New York*, 107 AD3d 774, 774 [2013]; *see Martinez v City of New York*, 105 AD3d 1013, 1014 [2013]; *Conner v City of New York*, 104 AD3d 637, 638 [2013]). "The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality" (*Conner v City of New York*, 104 AD3d at 638; *see Oboler v City of New York*, 8 NY3d 888, 889-890 [2007]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Ryan v City of New York*, 84 AD3d 926, 927 [2011]; *Alvino v City of New York*, 49 AD3d 676, 677 [2008]). "Additionally, the affirmative negligence exception 'is limited to work by the City that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York*, 8 NY3d at 889; *see Laracuente v City of New York*, 104 AD3d 822, 822 [2013]).

The prima facie showing that a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiffs in the pleadings (*see Carlucci v Village of Scarsdale*, 104 AD3d 797, 798 [2013]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Since the plaintiffs al-

leged in their complaint that the City created the alleged defect, the City was obligated to establish, as part of its prima facie showing, both that it did not receive prior written notice of the alleged defect, and that it did not create the alleged defect through an affirmative act of negligence (*see Romano v Village of Mamaroneck*, 100 AD3d 854, 855 [2012]).

The City established its prima facie entitlement to judgment as a matter of law by presenting evidence that it had not received prior written notice of the condition that allegedly caused the injured plaintiff's injuries (*see Minew v City of New York*, 106 AD3d 1060, 1061 [2013]; *Daniels v City of New York*, 91 AD3d 699, 700 [2012]), and that it did not create that condition through an affirmative act of negligence (*see Romano v Village of Mamaroneck*, 100 AD3d at 855).

Contrary to the plaintiffs' contentions, they failed to raise a triable issue of fact as to whether the City actually was provided with timely prior written notice or whether the affirmative act exception applied. Evidence that the City, in response to an oral complaint received on April 3, 2009, repaired potholes in the subject street on April 17, 2009, more than 10 weeks prior to the happening of the accident, did not raise a triable issue of fact as to whether the City affirmatively created the condition, as there was no evidence that a dangerous condition existed immediately after the repair was completed or that the repair caused subsequent immediate deterioration (*see Spanos v Town of Clarkstown*, 81 AD3d 711, 713 [2011]; *Hirasawa v City of Long Beach*, 57 AD3d 846, 848 [2008]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 512 [2005]). In addition, the opinion of the plaintiffs' expert that the City affirmatively created the subject defective condition was based on speculation and was unsupported by the record (*see Oboler v City of New York*, 8 NY3d at 890).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint. Mastro, J.P., Lott, Austin and Hinds-Radix, JJ., concur.