OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Defendant, the City of New York, moves, inter alia, for summary judgment, dismissing plaintiff’s complaint as asserted against it.
This is an action to recover damages for personal injuries allegedly sustained by plaintiff on August 4, 2013 as a result of a trip and fall due to the presence of a pothole in the crosswalk at the intersection of Elmhurst Avenue and Roosevelt Avenue, in the County of Queens, City and State of New York.
On a motion for summary judgment, the proponent “must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852-853 [1985]). Once the proponent has made this showing, the burden of proof shifts to the party opposing the motion to produce evidentiary proof in admissible form to establish that material issues of fact exist which require a jury trial (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), in order to maintain an action against the City for personal injuries, plaintiff must establish that the City had prior written notice of the defective condition at least 15 days prior to the date of the accident (see Katz v City of New York, 87 NY2d 241, 243 [1995]).
In support of the motion, defendant submits, inter alia, the deposition testimony of Dmitriy Surkov, a research assistant for the New York City Department of Transportation, that the records found as a result of a search performed by his coworker did not reveal any records that would have provided the City with the requisite prior written notice for the subject accident.
Defendant also submits the affirmation of Danny Garcia, a paralegal with the New York City Department of Transporta *950 tion who personally performed the subject search for records, affirming that the records found fail to provide prior written notice.
Specifically, the search revealed the existence of one Big Apple map, two work permits issued to the New York City Department of Transportation, one maintenance and repair order, one contract, one gang sheet for roadway defects and nine gang sheets for milling and resurfacing records.
The Big Apple map does not depict any roadway defects and, as such, fails to constitute prior written notice of the specific defect at issue here (see Cuccia v City of New York, 22 AD3d 516 [2d Dept 2005]; Camacho v City of New York, 218 AD2d 725, 726 [2d Dept 1995]). The milling and resurfacing records likewise fail to record the existence of a pothole at the subject location.
In addition, it is well settled that the issuance of a work permit fails to constitute evidence of prior written notice in any event (see Gee v City of New York, 304 AD2d 615, 617 [2d Dept 2003]; see also DeSilva v City of New York, 15 AD3d 252, 253 [1st Dept 2005]). Notably, the records did not reveal any notices of violation corresponding to these permits.
Finally, while there is a record of a report of a pothole at the subject location dated March 26, 2012, the records indicate that the pothole was repaired only one day later, on March 27, 2012, more than one year and four months prior to plaintiffs accident.
There are, however, two recognized exceptions to the rule. Prior written notice is not required where the City created the defect through an affirmative act of negligence or where the City was conferred a benefit through their “special use” of the area (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; see also Wald v City of New York, 115 AD3d 939, 940 [2d Dept 2014]).
As plaintiffs complaint alleges that the City affirmatively created the subject defective condition, the City bears the burden of establishing that it did not affirmatively create the subject defective condition as part of its prima facie showing (see Wald at 940-941; Braver v Village of Cedarhurst, 94 AD3d 933, 934 [2d Dept 2012]).
It is undisputed that defendant performed a repair on the subject defect on March 27, 2012, one day after the defect was reported. The City fails to submit any evidence by someone *951 with personal knowledge or expertise that this repair was properly performed and could not have immediately resulted in the subject condition that caused plaintiff’s accident (see Braver at 934).
Accordingly, defendant’s motion for summary judgment is denied, in its entirety.