■ FATIN BEINER, Respondent, v VILLAGE OF SCARSDALE, Appellant. [51 NYS3d 578]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated March 22, 2016, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly tripped on an unlevel slab of bluestone sidewalk in the Village of Scarsdale (hereinafter the defendant), fracturing her wrist. In her notice of claim, verified complaint, and verified bill of particulars, the plaintiff alleged that the defendant affirmatively created the defective condition by virtue of its design, selection, and installation of the sidewalk and that it negligently maintained and repaired the sidewalk. The defendant moved for summary judgment dismissing the complaint, arguing that it had not received prior written notice of the alleged defect as required by Village of Scarsdale Local Law § 209-1 and that it did not create the alleged defect. The Supreme Court denied the defendant's motion. The defendant appeals.

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (*Palka v Village of Ossining*, 120 AD3d 641, 641 [2014]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). The affirmative act exception, the only exception at issue here, " 'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition' " (*id.* at 728, quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). The plaintiff alleged, in her pleadings, that the defendant negligently maintained and repaired the sidewalk and affirmatively created the defective condition that caused the accident. Thus, to establish its prima facie entitlement to judgment as a matter of law, the defendant was required to demonstrate, prima facie, both that it did not have prior written notice of the alleged defect, and that it did not create the alleged defect (*see McManus v Klein*, 136 AD3d 700 [2016]; *Lima v Village of Garden City*, 131 AD3d 947, 948 [2015]; *Steins v Incorporated Vil. of Garden City*, 127 AD3d 957, 958 [2015]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]).

The defendant made a prima facie showing of entitlement to judgment as a matter of law by providing the affidavit of the Village Clerk, which indicated that she conducted a records search and found no prior written notice of a defective condition at the location alleged by the plaintiff (*see Pagano v Town of Smithtown*, 74 AD3d 1304, 1305 [2010]). Furthermore, the defendant established, prima facie, that it did not create the allegedly defective condition through an affirmative act of negligence (*see Lima v Village of Garden City*, 131 AD3d at 948).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, evidence suggesting that the defendant actually knew of the alleged defect did not satisfy the requirement in Village of Scarsdale Local Law

§ 209-1 that prior written notice of the alleged defect be given to the Village Clerk (*see Velho v Village of Sleepy Hollow*, 119 AD3d 551, 552 [2014]; *Chirco v City of Long Beach*, 106 AD3d 941, 942 [2013]; *McCarthy v City of White Plains*, 54 AD3d 828, 829-830 [2008]). Moreover, the plaintiff failed to raise a triable issue of fact as to the affirmative negligence exception, as she did not identify any evidence demonstrating that the allegedly defective condition arose immediately upon installation (*see Yarborough v City of New York*, 10 NY3d at 728; *Spanos v Town of Clarkstown*, 81 AD3d 711, 713 [2011]). The plaintiff's evidence, which includes an expert affidavit and statements by Village officials, at most established that environmental effects created the alleged defect over time, which is not sufficient to establish the defendant's liability (*see Gagnon v City of Saratoga Springs*, 51 AD3d 1096, 1097-1098 [2008]; *see also San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 117-118 [2010]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.