Weinstein v County of Nassau (2020 NY Slip Op 00890)





Weinstein v County of Nassau


2020 NY Slip Op 00890


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-04023
 (Index No. 603672/13)

[*1]Brian Weinstein, appellant, 
v
County of Nassau, defendant, Town of Hempstead, et al., respondents.


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Brian J. Shoot of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan of counsel), for respondent Town of Hempstead.
Robert M. Agostisi, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for respondent City of Long Beach.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated March 2, 2017. The order granted the separate motions of the defendants Town of Hempstead and City of Long Beach for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Town of Hempstead for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendant Town of Hempstead, and one bill of costs to the defendant City of Long Beach payable by the plaintiff.
The plaintiff allegedly was injured when he tripped and fell after stepping into a hole. The hole was at a location where the concrete surface of a roadway maintained by the defendant City of Long Beach met the asphalt surface of a roadway maintained by the defendant Town of Hempstead. The plaintiff subsequently commenced this action against the Town and the City (hereinafter together the defendants), and another defendant. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, arguing, inter alia, that they did not have prior written notice of the alleged condition and that no recognized exception to the prior written notice requirement applied (see Town of Hempstead Code § 6-1; Charter of City of Long Beach § 256A[a]). The Supreme Court granted the defendants' respective motions, and the plaintiff appeals.
Generally, where, as here, a municipality has enacted a prior written notice statute, "it may not be subjected to liability for injuries caused by an improperly maintained street or [*2]sidewalk unless it has received written notice of the defect" (Cimino v County of Nassau, 105 AD3d 883, 884). "However, the courts have recognized an exception to the prior written notice requirement in circumstances where the municipality affirmatively created the defect through an act of negligence'" (Gutierrez-Contreras v Village of Port Chester, 172 AD3d 1333, 1334, quoting Yarborough v City of New York, 10 NY3d 726, 728). "This exception is limited to work performed by the municipality that immediately resulted in the existence of a dangerous condition" (Gutierrez-Contreras v Village of Port Chester, 172 AD3d at 1334; see Yarborough v City of New York, 10 NY3d at 728; Liverpool v City of New York, 163 AD3d 790, 791).
Here, the City established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not receive prior written notice of the condition upon which the plaintiff allegedly tripped and fell, and that it did not create the condition through an affirmative act of negligence (see Garcia v Thomas, 173 AD3d 842, 842-843; Gutierrez-Contreras v Village of Port Chester, 172 AD3d at 1334-1135; Beiner v Village of Scarsdale, 149 AD3d 679, 680; Wolin v Town of N. Hempstead, 129 AD3d 833, 834-835). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City received prior written notice of the alleged condition, or whether it created the alleged condition through an affirmative act of negligence which immediately resulted in the existence of the defect (see Taustine v Incorporated Vil. of Lindenhurst, 158 AD3d 785, 786; Beiner v Village of Scarsdale, 149 AD3d 679, 680-681; Pipitone v Mineola Realty Assoc., 134 AD3d 918, 918-919). The plaintiff's allegation that the City was negligent in failing to provide adequate lighting in the subject area, which was improperly raised for the first time in his bill of particulars nearly three years after the accident, does not raise a triable issue of fact to defeat the City's motion for summary judgment (see K.B. v City of New York, 166 AD3d 744, 745-746; Semprini v Village of Southampton, 48 AD3d 543, 544). The plaintiff did not assert that theory of liability in the notice of claim or the complaint, and the plaintiff never sought leave to amend the notice of claim pursuant to General Municipal Law § 50-e. Accordingly, we agree with the Supreme Court's determination to grant the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
However, we reach a different conclusion with respect to the Town. To prevail on its motion, it was the Town's burden to establish, prima facie, that no prior written notice of the alleged condition was given to either the Town Clerk or Town Commissioner of Highways (see Code of the Town of Hempstead § 6-3; Town Law § 65-a[2]). In support of its motion for summary judgment, the Town submitted, inter alia, the affidavit of a records access officer for the Town's Highway Department, wherein she specifically averred that she searched the Highway Department records, but did not state that she searched the Town Clerk's records. Thus, the Town failed to establish, prima facie, that neither the Town Clerk nor the Commissioner of Highways received prior written notice of the alleged condition (see Otto v Miller, 177 AD3d 895, 896-897; Ortiz v Town of Islip, 175 AD3d 699, 700; Betz v Town of Huntington, 106 AD3d 1041). Since the Town failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied the Town's motion for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court