Race v Village of Brewster (2020 NY Slip Op 04333)





Race v Village of Brewster


2020 NY Slip Op 04333


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2019-02260
 (Index No. 500862/17)

[*1]Thomas Race, et al., appellants, 
v
Village of Brewster, respondent, et al., defendants.


Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston, NY (John G. Rusk of counsel), for appellants.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Andrea Alonso, and Sarah L. Linder of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Janet C. Malone, J.), dated January 25, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Village of Brewster which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 1, 2017, the plaintiff Thomas Race (hereinafter the injured plaintiff) allegedly slipped and fell on ice that had accumulated on a sidewalk in the Village of Brewster. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against, among others, the Village. Thereafter, the Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that it did not have prior written notice of the alleged defect, nor did it affirmatively create the alleged defect. The plaintiffs opposed, arguing both that the motion was premature and that their expert's affidavit raised a triable issue of fact as to whether the Village created the defective condition. In an order dated January 25, 2019, the Supreme Court granted that branch of the Village's motion. The plaintiffs appeal.
"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Loghry v Village of Scarsdale, 149 AD3d 714, 715 [internal quotation marks omitted]; see Liverpool v City of New York, 163 AD3d 790, 791). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728 [internal quotation marks omitted]). The special use exception is not at issue here.
We agree with the Supreme Court's determination to grant that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The affirmative negligence exception "is limited to work by the [municipality] that [*2]immediately results in the existence of a dangerous condition" (id. at 728 [internal quotation marks omitted]; see Liverpool v City of New York, 163 AD3d at 791). The Village demonstrated, prima facie, that it lacked prior written notice of the allegedly defective sidewalk condition and further, that its repaving of the subject sidewalk in September 2016 did not create the allegedly defective condition through an affirmative act of negligence that immediately resulted in the existence of a dangerous condition (see Liverpool v City of New York, 163 AD3d at 791; Beiner v Village of Scarsdale, 149 AD3d 679, 680).
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the allegedly defective condition arose immediately upon the completion of the repaving work (see Beiner v Village of Scarsdale, 149 AD3d at 681). The affidavit of the plaintiffs' expert was speculative, conclusory, and insufficient to defeat the Village's motion for summary judgment (see Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 684). There was no showing that the sidewalk was in the same condition on the date of the accident, February 1, 2017, as it was on the dates of the expert's inspections on February 26, 2018, and October 3, 2018, respectively, nor was there any showing about the condition of the sidewalk immediately following the September 2016 repaving work (see id. at 684; see also Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130).
Furthermore, contrary to the plaintiffs' contention, the Village's motion was not premature as the plaintiffs failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the Village (see CPLR 3212[f]; Lazarre v Gragston, 164 AD3d 574, 575). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion (see Lazarre v Gragston, 164 AD3d at 575; Williams v Spencer-Hall, 113 AD3d 759, 760).
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court