Holleran v Incorporated Vil. of Floral Park (2020 NY Slip Op 07871)





Holleran v Incorporated Vil. of Floral Park


2020 NY Slip Op 07871


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-11311
 (Index No. 6927/15)

[*1]John Holleran, et al., appellants, 
v
Incorporated Village of Floral Park, respondent.


Frank M. Scalera, East Norwich, NY (Christi M. Kunzig of counsel), for appellants.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 12, 2018. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.
On June 7, 2014, the injured plaintiff, John Holleran, allegedly was injured when his bicycle struck a defective condition on Atlantic Avenue in the Incorporated Village of Floral Park. The injured plaintiff, and his wife suing derivatively, subsequently commenced this action against the Village, alleging that it was negligent. Following the completion of discovery, the Village moved, inter alia, for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged defect. The Supreme Court granted that branch of the Village's motion, and the plaintiffs appeal.
Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for a defect within the scope of the law unless it has received prior written notice of the defect or an exception to the prior written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474; Gori v City of New York, 171 AD3d 1025, 1025-1026). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728). The affirmative act exception, the only exception at issue here, "'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition'" (id. at 728, quoting Oboler v City of New York, 8 NY3d 888, 889 [internal quotation marks and emphasis omitted]).
"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, the plaintiffs alleged in their complaint that the Village affirmatively created the defect that caused the accident. Therefore, in order to establish its [*2]prima facie entitlement to judgment as a matter of law, the Village had to demonstrate, prima facie, both that it did not have prior written notice of the defect, and that it did not create the defect (see Loghry v Village of Scarsdale, 149 AD3d 714, 715; McManus v Klein, 136 AD3d 700, 701; Lima v Village of Garden City, 131 AD3d 947, 948). The Village established, prima facie, that it did not have prior written notice of the alleged defect, but it failed to establish, prima facie, that it did not affirmatively create the alleged defect (see McManus v Klein, 136 AD3d at 701; Carlucci v Village of Scarsdale, 104 AD3d 797, 798-799; Braver v Village of Cedarhurst, 94 AD3d 933, 934). Therefore, the burden never shifted to the plaintiffs to submit evidence sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the Village's motion which was for summary judgment dismissing the complaint.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court