Abuhamda v Brooklyn Sneaker Box, Inc. (2021 NY Slip Op 08158)





Abuhamda v Brooklyn Sneaker Box, Inc.


2021 NY Slip Op 08158


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-04976
 (Index No. 19194/09)

[*1]Fatima Abuhamda, plaintiff-respondent,
v
Brooklyn Sneaker Box, Inc., et al., defendants, Antonio Attanasio, defendant-respondent, City of New York, et al., appellants (and a third-party action).


James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Janet L. Zaleon of counsel), for appellants.
Joseph A. Deliso, Brooklyn, NY, for plaintiff-respondent.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Eileen Budd of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York and New York City Department of Transportation appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 20, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs payable to the defendants City of New York and New York City Department of Transportation by the plaintiff and the defendant Antonio Attanasio, and the motion of the defendants City of New York and New York City Department of Transportation for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On June 5, 2009, while walking on the sidewalk abutting certain premises located on Fifth Avenue in Brooklyn, the plaintiff allegedly was injured when she tripped over a raised brick. The brick, which was part of a row of granite bricks along the sidewalk, was in close proximity to a tree well. At the time of the accident, the premises abutting the sidewalk was owned by the defendant Antonio Attanasio. It is undisputed that in 2002-2003, as part of a renovation project, the defendant City of New York had new sidewalks constructed along a portion of Fifth Avenue, including the sidewalk abutting the subject premises, and hired contractors to perform that work. As part of that project, granite bricks were used in dividing sidewalk flags abutting the subject premises and to highlight tree wells in the area. The plaintiff subsequently commenced this action against, among others, the City, the New York City Department of Transportation (hereinafter together the City defendants), and Attanasio to recover damages for personal injuries. After issue was joined, the City defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion, and the City [*2]defendants appeal.
The City defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them by submitting evidence demonstrating, inter alia, that they did not create the condition alleged through an affirmative act of negligence (see Weinstein v County of Nassau, 180 AD3d 730, 731; Kolotova v Beach Haven Apts. Assoc., LLC, 172 AD3d 695, 696). In opposition, neither the plaintiff nor Attanasio raised a triable issue of fact as to whether the City defendants created the condition alleged through an affirmative act of negligence when the City defendants initially had the decorative row of bricks installed, or created the condition through a special use of the sidewalk. In addition, contrary to Attanasio's contention, the raised brick over which the plaintiff allegedly tripped and fell, which was identified by her at her deposition in the photograph marked as Defendant's Exhibit B, and which was part of the decorative brick work installed by the City defendants in relation to the restoration project in 2002-2003, was part of the sidewalk for the purposes of section 7-210 of the Administrative Code of the City of New York (see Khaimova v City of New York, 95 AD3d 1280, 1281).
Accordingly, the Supreme Court should have granted the City defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court