Torres v Incorporated Vil. of Rockville Ctr. (2021 NY Slip Op 04050)





Torres v Incorporated Vil. of Rockville Ctr.


2021 NY Slip Op 04050


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-13620
 (Index No. 609300/16)

[*1]Melissa Torres, appellant,
v Incorporated Village of Rockville Centre, respondent, et al., defendants.


Bergman, Bergman, Fields, & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, Amit Sondhi, and Law Offices of Jennifer B. Ettenger, PLLC, of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered November 18, 2019. The order granted the motion of the defendant Incorporated Village of Rockville Centre for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff allegedly tripped and fell on a defective inlet grate in a municipal parking lot in the Incorporated Village of Rockville Centre. She commenced this action against the Village, among others, to recover damages for personal injuries. The Village moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the Village Code required prior written notice and the Village had not received prior written notice of the subject alleged defect. In an order entered November 18, 2019, the Supreme Court granted the motion. The plaintiff appeals.
A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location (see Amabile v City of Buffalo, 93 NY2d 471, 474; Poirier v City of Schenectady, 85 NY2d 310, 314). Here, the Village established that it has a prior written notice law, that the subject defect falls within the ambit of that law, and that the Village lacked any prior written notice of a defect at the subject location.
The burden then shifted to the plaintiff "to demonstrate the applicability of one of two recognized exceptions to the rule-that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728; see Amabile v City of Buffalo, 93 NY2d at 474). In opposition to the Village's motion, the plaintiff argued that the Village affirmatively created the defect through an act of negligence. The plaintiff submitted the affidavit of a professional engineer who opined that the plaintiff tripped on a broken storm drain/grate that had become defective due to negligent repair by the Village, performed more than one year prior to the plaintiff's accident. The engineer opined that the Village had used mortar to repair an existing gap and that the mortar had eventually washed [*2]away, allowing the grate to become dislodged from the concrete sidewalk support.
"[T]he affirmative negligence exception 'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition'" (Yarborough v City of New York, 10 NY3d at 728, quoting Oboler v City of New York, 8 NY3d 888, 889 [internal quotation marks omitted]; see San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 117). Here, the plaintiff failed to raise a triable issue of fact as to whether the Village created the condition within the meaning of the exception. Even assuming the Village performed negligent repair of the inlet grate, the plaintiff's engineer found that deterioration of the mortar and dislodgement of the grate "developed over time with environmental wear and tear," and thus, was not an immediate result of the alleged negligence (Yarborough v City of New York, 10 NY3d at 728; see Malek v Village of Depew, 156 AD3d 1412, 1413; Diaz v City of New York, 56 AD3d 599, 601; Bielecki v City of New York, 14 AD3d 301, 301-302).
In light of our determination, we do not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court