Caballero v City of New York (2021 NY Slip Op 05540)





Caballero v City of New York


2021 NY Slip Op 05540


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-04951
 (Index No. 500692/16)

[*1]Blanca Caballero, appellant,
v
City of New York, respondent.


David A. Kapelman, P.C., New York, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jane L. Gordon and Janet L. Zaleon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated April 21, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 28, 2015, the plaintiff allegedly was injured when she stepped into a hole while crossing Ninth Street in Brooklyn. After serving a notice of claim upon the City of New York pursuant to General Municipal Law § 50-e, followed by an amended notice of claim, the plaintiff commenced this action to recover damages for personal injuries. The City interposed an answer to the complaint, and then, after the completion of discovery, moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Pursuant to Administrative Code of the City of New York § 7-201(c)(2), commonly referred to as the Pothole Law, no civil action may be maintained against the City for personal injuries sustained as a consequence of an alleged dangerous condition in the roadway unless written notice of the defective condition was actually given to the appropriate person authorized to receive such notice, or there is a written acknowledgment from the City of the defective condition, and the City failed to repair it within 15 days of such notice (see Bruni v City of New York, 2 NY3d 319, 324). Thus, "prior written notice of a defect is a condition precedent which [a] plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d 241, 243). "'The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality'" (Ocello v City of New York, 194 AD3d 828, 829, quoting Conner v City of New York, 104 AD3d 637, 638). Here, the plaintiff alleged that the affirmative act of negligence exception is applicable. The affirmative act of negligence exception is limited to work done by a municipality that immediately results in the existence of a dangerous condition (see Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975).
The prima facie showing that a defendant must make on a motion for summary [*2]judgment is governed by the allegations of liability made by the plaintiffs in the pleadings (see Osman v Town of Smithtown, 175 AD3d 1313; Wald v City of New York, 115 AD3d 939). Since the plaintiff alleged in the complaint that the City had "notice of said defective condition pursuant to the requirements of the Administrative Code of the City of New York," and that the City created the alleged defect, the City was obligated to establish as part of its prima facie showing that it did not receive prior written notice of the alleged defect and that it did not create the alleged defect through an affirmative act of negligence (see Lewak v Town of Hempstead, 147 AD3d 919; Wald v City of New York, 115 AD3d at 940).
Here, the City established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that a search of, inter alia, Department of Transportation records revealed that it had not received prior written notice of the condition that allegedly caused the plaintiff's accident (see Amer v City of New York, 166 AD3d 571; Wald v City of New York, 115 AD3d at 940-941), and that it did not create that condition through an affirmative act of negligence immediately resulting in the existence of the alleged dangerous condition (see Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d at 975-976; Weinstein v County of Nassau, 180 AD3d 730, 731; Murphy v Brown, 178 AD3d 832; cf. Trela v City of Long Beach, 157 AD3d 747; Lewak v Town of Hempstead, 147 AD3d at 919). Accordingly, the burden shifted to the plaintiff to raise a triable issue of fact in opposition (see Fiero v City of New York, 190 AD3d 822, 824).
Contrary to the plaintiff's contention, she failed to raise a triable issue of fact to rebut the City's prima facie showing that it had not been provided with prior written notice of the alleged condition (see Pallotta v City of New York, 121 AD3d 656, 657-658). The plaintiff also failed to raise a triable issue of fact as to whether the affirmative negligence exception applied. Evidence that the City, in response to a citizen complaint, made repairs to potholes in the subject street in March 2013, almost two years prior to the plaintiff's fall, was insufficient to raise a triable issue of fact as to whether the City affirmatively created the alleged condition within the meaning of the exception, as there was no evidence that a dangerous condition arose immediately after the repair was completed (see Fiero v City of New York, 190 AD3d at 824-825; Wald v City of New York, 115 AD3d at 940-941; Spanos v Town of Clarkstown, 81 AD3d 711).
Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court