Zarnalieva v City of New York (2022 NY Slip Op 01479)





Zarnalieva v City of New York


2022 NY Slip Op 01479


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-05057
 (Index No. 502886/17)

[*1]Tamilla Zarnalieva, appellant,
v
City of New York, et al., respondents.


Gennady Yankilevich, P.C., Brooklyn, NY (Nicholas W. Kowalchyn of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Kevin Osowski of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 8, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries against the defendants, City of New York and New York City Department of Transportation, alleging that as she was crossing Brighton Beach Avenue in Brooklyn, she tripped on a "hole" in the crosswalk and fell. After discovery, the defendants moved for summary judgment dismissing the complaint. In the order appealed from, dated March 8, 2019, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law through evidence demonstrating that a search of the City's records revealed that the City had not received prior written notice of the condition that allegedly caused the plaintiff's injury and, contrary to the plaintiff's allegations in the complaint, that the City did not create the condition through an affirmative act of negligence (see Caballero v City of New York, 198 AD3d 713, 713; Wald v City of New York, 115 AD3d 939, 940-941).
In opposition, the plaintiff failed to raise a triable issue of fact (see Caballero v City of New York, 198 AD3d at 715; Fiero v City of New York, 190 AD3d 822, 824-825). The plaintiff's submission of evidence that the defendants repaired a pothole at the same intersection nearly two years earlier, absent any evidence that a dangerous condition arose immediately after the repair was completed, was insufficient to satisfy the plaintiff's burden in opposing the defendants' motion (see Caballero v City of New York, 198 AD3d at 715).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court