Pirrone v Metro N. Commuter R.R. (2022 NY Slip Op 02144)





Pirrone v Metro N. Commuter R.R.


2022 NY Slip Op 02144


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-12187
 (Index No. 64107/17)

[*1]Exenia Pirrone, appellant, 
v
Metro North Commuter Railroad, etc., et al., defendants, Village of Mamaroneck, respondent.


Cellino Law LLP, Garden City, NY (John Lavelle of counsel), for appellant.
Thomas K. Moore (Eric D. Feldman, Melville, NY [Dominic P. Zafonte], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 30, 2019. The order granted the motion of the defendant Village of Mamaroneck for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Village of Mamaroneck for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff allegedly was injured when she slipped and fell on ice on a sidewalk within the defendant Village of Mamaroneck on January 10, 2017, three days after a snowstorm. According to the deposition testimony of the Village's General Foreman of Parks, on January 7 and 8, 2017, employees of the Village Parks Department used snow blowers and shovels to clear the subject sidewalk of snow, to the extent that a path was created for people to walk. The snow was not removed, but was piled at the curb line, as close to the street as possible. On January 9 and 10, 2017, employees of the Village Parks Department were instructed to apply salt and sand to the subject sidewalk.
The plaintiff commenced this action the Village and others. The Village moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it did not have prior written notice of the condition and that it did not affirmatively create the condition. The Supreme Court granted the motion. The plaintiff appeals.
"A municipality that has enacted a prior written notice provision 'may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Eisenberg v Town of Clarkstown, 172 AD3d 683, 683, quoting Palka v Village of Ossining, 120 AD3d 641, 641; see Poirier v City of Schenectady, 85 NY2d 310, 313). Insofar as relevant to this appeal, "an exception to the prior written notice laws exists where the municipality creates the defective condition through an affirmative act of negligence" (Piazza v Volpe, 153 AD3d 563, 564; see Amabile v City of Buffalo, [*2]93 NY2d 471, 474; Seegers v Village of Mineola, 161 AD3d 910, 911).
"'[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Holleran v Incorporated Vil. of Floral Park, 189 AD3d 1370, 1371, quoting Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Caballero v City of New York, 198 AD3d 713, 714). Here, the plaintiff alleged in the bill of particulars that the Village created the hazardous condition. The plaintiff contends that defendant created the icy condition by its affirmative negligent act of piling snow on both sides of the sidewalk, which snow then melted and refroze to create the condition. Therefore, to establish its prima facie entitlement to judgment as a matter of law, the Village had to demonstrate, prima facie, both that it did not have prior written notice of the defect, and that it did not create the icy condition (see Holleran v Incorporated Vil. of Floral Park, 189 AD3d at 1371).
Although the defendant established, prima facie, that it lacked prior written notice of the ice condition, it failed to establish, prima facie, that it did not create the ice condition through an affirmative act of negligence. "While the mere failure to remove all snow or ice from a sidewalk is an act of omission, rather than an affirmative act of negligence, a municipality's act in piling snow as part of its snow removal efforts, which snow pile then melts and refreezes to create a dangerous icy condition, constitutes an affirmative act excepting the dangerous condition from the prior written notice requirement" (Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778 [citations omitted]; see San Marco v Village/Town of Mount Kisco, 16 NY3d 111; Eisenberg v Town of Clarkstown, 172 AD3d at 684-685).
Here, the defendant failed to eliminate triable issues of fact concerning whether the Village's snow removal efforts created the ice condition (see San Marco v Village/Town of Mount Kisco, 16 NY3d at 118). According to the Village's own expert, given the weather conditions in the days preceding the accident, the fallen snow would have melted and refroze between the time of the snowfall and the time of the accident. While the defendant submitted a transcript of the deposition testimony of the General Foreman of Parks, who stated that he gave orders on January 9 and 10 to apply sand and salt to the area of the sidewalk where the plaintiff fell, the plaintiff testified at her deposition that there was no sand or salt on the sidewalk at the time of her fall.
Therefore, the Village's submissions failed to eliminate all triable issues of fact, and its motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied (see Eisenberg v Town of Clarkstown, 172 AD3d at 684-685; Larenas v Incorporated Vil. of Garden City, 143 AD3d at 778). A jury must decide whether the plaintiff fell on ice created by the Village's snow clearance operation (see San Marco v Village/Town of Mount Kisco, 16 NY3d at 118).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court