Elsaid v City of New York (2024 NY Slip Op 01908)

Elsaid v City of New York

2024 NY Slip Op 01908

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04137
 (Index No. 1117/15)

[*1]Zacheria Elsaid, appellant,
v
City of New York, et al., respondents, et al., defendants.

Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias and Gennaro Savastano of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jamison Davies and Jonathan A. Popolow of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated May 6, 2022. The order granted the motion of the defendants City of New York, New York City Department of Transportation, and New York City Department of Environmental Protection for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In August 2014, the plaintiff allegedly rode over a depression in the street at 18th Avenue and 50th Street in Brooklyn and lost control of his motorcycle. In January 2015, the plaintiff commenced this action against the defendants City of New York, New York City Department of Transportation, and New York City Department of Environmental Protection (hereinafter collectively the City defendants) to recover damages for personal injuries allegedly sustained as a result of the accident. Thereafter, the plaintiff commenced a separate action against the defendants Cablevision Systems New York City Corporation and JEK Communications, Inc. These two actions were consolidated in August 2017.
In January 2022, prior to the completion of discovery, the City defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, contending, inter alia, that they did not receive prior written notice of the alleged defect as required by Administrative Code of the City of New York § 7-201(c). In an order dated May 6, 2022, the Supreme Court granted the City defendants' motion. The plaintiff appeals.
Pursuant to Administrative Code § 7-201(c)(2), "no civil action may be maintained against the City for personal injuries sustained as a consequence of an alleged dangerous condition in the roadway unless written notice of the defective condition was actually given to the appropriate person authorized to receive such notice, or there is a written acknowledgment from the City of defective condition, and the City failed to repair it within 15 days of such notice" (Caballero v City of New York, 198 AD3d 713, 713-714). Here, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted [*2]against them by demonstrating, through a search of New York City Department of Transportation records and maps served on the New York City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation, that they did not receive prior written notice of the alleged defect (see Hallett v City of New York, 219 AD3d 809, 810; Amer v City of New York, 166 AD3d 571, 572).
In opposition, the plaintiff failed to raise a triable issue of fact. Furthermore, contrary to the plaintiff's contention, the City defendants' motion was not premature, as the plaintiff failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the City defendants (see CPLR 3212[f]; Race v Village of Brewster, 185 AD3d 1071, 1072). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Martin v Newton, 206 AD3d 644, 645 [internal quotation marks omitted]).
Accordingly, the Supreme Court properly granted the City defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court