Sales v City of New York (2025 NY Slip Op 04926)

Sales v City of New York

2025 NY Slip Op 04926

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-02591
 (Index No. 521363/17)

[*1]Arkeem Sales, respondent, 
v
City of New York, appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson, Daniel Matza-Brown, Jeremy Pepper, and Jamison Davies of counsel), for appellant.
Burns & Harris, New York, NY (Judith Stempler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated March 10, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
In August 2016, the plaintiff allegedly was walking across Berriman Street in Brooklyn when he stepped into a hole in the roadway, lost his balance, and fell, sustaining injuries. After timely filing an amended notice of claim, the plaintiff commenced this action against the defendant, City of New York, to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability, contending that the City affirmatively created the dangerous condition through an act of negligence. In an order dated March 10, 2021, the Supreme Court granted the motion, and the City appeals.
Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for a defect within the scope of the law unless it has received prior written notice of the defect or an exception to the prior written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474; see also Administrative Code of City of NY § 7-201[c][2]). There are two "recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728). The affirmative negligence exception "'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition'" (id. [internal quotation marks omitted], quoting Oboler v City of New York, 8 NY3d 888, 889; see DeCaprariis-Salerno v Incorporated Vil. of Rockville Ctr., 201 AD3d 874, 874-875).
Here, in moving for summary judgment on the issue of liability, the plaintiff contended only that the City affirmatively created the dangerous condition through an act of negligence. However, the evidence submitted by the plaintiff demonstrated that the City repaired a hole in the subject street on November 10, 2014, restoring the area, and that the condition that caused the plaintiff to fall may have existed for "[o]ver a year" prior to the accident. This evidence [*2]failed to establish, prima facie, that the City affirmatively created the condition that allegedly caused the plaintiff's fall, as the plaintiff failed to submit evidence that the dangerous condition existed immediately after the repair was completed or that the repair caused subsequent immediate deterioration (see Thompson v City of New York, 172 AD3d 485, 485; Wald v City of New York, 115 AD3d 939, 941). Additionally, the opinion of the plaintiff's expert that the City affirmatively created the dangerous condition was conclusory, speculative, and insufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law (see Woehrle v Buono, 232 AD3d 820, 821; Race v Village of Brewster, 185 AD3d 1071, 1072; Wald v City of New York, 115 AD3d at 941).
Since the plaintiff failed to meet his prima facie burden, we need not consider the sufficiency of the City's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court